UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERALD J. PAYNE,

Plaintiff,

v.

JARED D. LAZANO, et al.,

Defendants.

No. 2:19-cv-2595 KJN P

ORDER

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. On February 20, 2020, plaintiff's amended complaint was dismissed because plaintiff joined unrelated claims, and plaintiff was granted leave to amend. On March 23, 2020, plaintiff filed a second amended complaint in which it appears he chooses to pursue his due process claim against Dr. Tucci. However, plaintiff included the warden in the caption and defendants' section of his amended pleading, despite the court's prior finding that plaintiff's claim against the warden is unrelated to his due process claim against Dr. Tucci. (ECF No. 8 at 4.) Moreover, in his second amended complaint, plaintiff includes no charging allegations as to either the warden or Dr. Tucci. Indeed, plaintiff does not provide as much factual allegations as he included in his original complaint. (See ECF No. 1 at 4.)

Because plaintiff is required to include charging allegations as to each named defendant, his pleading must again be dismissed. However, in order to assist plaintiff in filing his amended

pleading, the court will provide plaintiff with a copy of page four of his original complaint in which plaintiff provides the factual allegations as to his due process claim against Dr. Tucci. Plaintiff may choose to simply insert his prior page four into his third amended complaint. If plaintiff intended to name the warden as a defendant in connection with plaintiff's due process claim against Dr. Tucci, plaintiff must include charging allegations demonstrating that the warden was involved in the hearing plaintiff is challenging.[1]

If plaintiff chooses to amend, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the third amended complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Specifically, plaintiff must include factual allegations as to each individual named as a defendant. Moreover, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). In other words, plaintiff cannot name the warden as a defendant based solely on his role as warden. Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims.[2] See Fed. R. Civ. P. 20(a)(2). Continued violation of court orders may result in the involuntary dismissal of this action. Fed. R. Civ. P. 41(b).

---

[1] To state a § 1983 claim, plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989). Plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

[2] If plaintiff chooses to again name the warden as a defendant, plaintiff should review the court's prior explanation of the rules governing proper joinder of claims and parties. (ECF No. 8 at 4, 8 n.2.) Plaintiff must allege specific facts demonstrating proper joinder. Fed. R. Civ. P. 20(a)(2).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's third amended complaint complete. For example, because plaintiff failed to identify Dr. Tucci as the defendant who allegedly violated plaintiff's rights during the February 25, 2019 hearing, plaintiff was required to amend his pleading again. An amended complaint must be complete in itself without reference to any prior pleading. L.R. 220. Such requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files a third amended complaint, the prior amended complaint no longer serves any function in the case. Therefore, in the third amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint (ECF No. 11) is dismissed.

2. Within sixty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Third Amended Complaint.

Plaintiff's third amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, the Local Rules of Practice, and all court orders. The third amended complaint must also bear the docket number assigned to this case and must be labeled "Third Amended Complaint."

Failure to file a third amended complaint in accordance with this order may result in the dismissal of this action.

////
////
////
////

3

3. The Clerk of the Court is directed to send plaintiff a copy of page four of plaintiff's original complaint (ECF No. 1 at 4), without the court's banner; and the court's form for filing a civil rights complaint under 42 U.S.C. § 1983 by a prisoner.

Dated: March 27, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/payn2595.14b

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD J. PAYNE,<br><br>    Plaintiff,<br><br>  v.<br><br>JARED D. LOZANO, et al.,<br><br>    Defendants. | No. 2:19-cv-2595 KJN P<br><br>NOTICE OF AMENDMENT |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

_____    Third Amended Complaint

DATED:

    _____
    Plaintiff