UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD J. PAYNE,<br><br>    Plaintiff,<br><br>    v.<br><br>JARED D. LAZANO, et al.,<br><br>    Defendants. | No. 2: 19-cv-2595 KJN P<br><br><br>ORDER |

Plaintiff, a state prisoner, proceeds without counsel with this civil rights action under 42 U.S.C. § 1983. On May 14, 2020, plaintiff filed a document styled, "Lodging of Paper Document Pursuant to local Rule 133 and 132," in which he claims his life is in imminent danger. (ECF No. 17.) For the reasons stated herein, the requests in plaintiff's filing are partially granted.

Plaintiff was recently transferred from the California Medical Facility ("CMF") to the California Men's Colony, East ("CMC-E") in San Luis Obispo, California, and is on involuntary medication and housed in the mental health section. Plaintiff claims that he was not supposed to be transferred to CMC-E because he was previously assaulted there on three separate occasions in 2019, and nearly killed by officers choking him on April 4, 2019.[1] Plaintiff states that he "has no

---

[1] Plaintiff claims he was assaulted in transit to CMC-E on April 2, 2019, then, once housed at CMC-E, on April 2, 2019, by a set-up involving inmates in general population, and again on April 4, 2019, in the psychiatric ward.

doubt of CMF trying to cancel this cause of action by killing [him]." (ECF No. 17 at 2.)  Yet, he claims he would be more safely housed at CMF because it is a hospital, not the type of facility like CMC-E where such attempted assaults occur.  Plaintiff seeks an order transferring him back to CMF, even to the lock-up unit, while this action proceeds, or, in the alternative, to notify Ralph Diaz, Director of the California Department of Corrections and Rehabilitation, to ensure plaintiff's safety during the pendency of this action.

This action proceeds on plaintiff's claims that defendant Dr. Tucci violated plaintiff's due process rights in February of 2019 at CMF during a psychiatric hearing.  (ECF No. 13 at 3.)  Service of process was ordered on April 30, 2020, and defendant has not yet been served or appeared in this action.

No individuals named as defendants in this action are located at CMC-E.  Thus, plaintiff's request for transfer from CMC-E seeks relief from unidentified individuals who are not named as defendants in this action.  This court is unable to issue an order against individuals who are not parties to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).[2]

However, in light of plaintiff's claim that his life is in immediate danger at CMC-E, the court will ask the special master in Coleman v. Newsom, 2:90-cv-0520 KJM DB (E.D. Cal.), to inquire as to his well-being.  In addition, the court will serve a copy of this order on Ralph Diaz.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request (ECF No. 17) is partially granted;

2. The undersigned requests that the special master in Coleman v. Newsom, 2:90-cv-0520 KJM DB (E.D. Cal.), look into plaintiff's well-being;

3. The Clerk of the Court shall fax a copy of this order and plaintiff's May 14, 2020 filing (ECF No. 17) on Special Master Matthew A. Lopes, Jr., at 1-401-824-5123; and

---

[2]  Because plaintiff is now housed at CMC-E, any action concerning conditions of confinement at CMC-E must be brought in the Northern District of California.  Plaintiff is cautioned that inmates do not have a constitutional right to be housed at a particular facility or institution or to be transferred, or not transferred, from one facility or institution to another.  Olim v. Wakinekona, 461 U.S. 238, 244-48 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam).

   4.  The Clerk of the Court shall serve a copy of this order and plaintiff's filing (ECF No. 17) on Ralph Diaz, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Sacramento, CA  95811.

Dated:  May 19, 2020

/payn2595.pi

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE